Weygandt, C. J.
 

 The single complaint of the defendant is the action of the Court of Appeals ixx granting the plaintiff a reversal of the judgment of the trial court for error in giving the jury a written charge requested by the plaintiff himself. The instruction was given to the jury before the argument and was worded as follows:
 

 “If you find by the greater weight of the evidence that the plaintiff suffered any injury whatever as the direct result of the collision, on the night of June 14, 1939, in which a Yellow cab was driven into his cab by contact with the defendant’s car, it will be your duty to award to the plaintiff a verdict in such a sum as will give him full, fair, and complete compexxsation for all of the injury and loss which he has already suffered as the direct result of the collision and for all of the injury, disability, and loss which with reasonable certainty you find he will suffer in the future.”
 

 It is the well-settled rule that a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. 5 Corpus Juris Secundum, 173, Section 1501; 3 American Jurisprudence, 427, 432, Section 876; 2 Ruling Case Law, 238, Section 198; 2 Ohio Jurisprudence, 640, Section 593. In the case of
 
 State
 
 v.
 
 Kollar,
 
 93 Ohio St., 89, 112 N. E., 196, this court held:
 

 “The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the saxne to cause his exceptions to be noted.
 

 
 *93
 
 “It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court, into the commission of an error and then procure a reversal of the judgment for an error for which he-was actively responsible.”
 

 However, the plaintiff seeks to avoid the effect of this rule by insisting, that the requested instruction was correct in assuming the defendant’s negligence- and that the Court' of Appeals itself was mistaken in holding the charge erroneous. The plaintiff bases, this contention on the theory that under the evidence-the defendant was negligent as a matter of law, and. therefore, as to this element in the plaintiff’s case,, there was no question of fact to submit to the jury.. With this view this court finds itself unable to agree.. A careful study of the evidence discloses circumstances that would have made it error for the trial court to-hold the defendant negligent as a matter of law rather than to submit the question to the jury. It is true-that there is no dispute as to many of the facts such as that it was dark, it was raining, the pavement was slippery, the taxicabs were standing still, and the-traffic light was green; but the conclusion to be drawn from the facts is in very vigorous dispute.
 

 The plaintiff insists further that even if the charge-he requested was erroneous in his favor, he nevertheless was prejudiced by the fact that his erroneous-charge was in conflict with the correct general charge subsequently given by the court on the same subject, thereby confusing the jury and counsel as to the issues-in the case. However this may be, the fact remains that he himself invited the error responsible for the conflict and confusion.
 

 Finally, the plaintiff contends that the record discloses additional errors upon which the Court of Appeals should have reversed the unfavorable judgment;
 
 *94
 
 of the trial court. The Court of Appeals affirmatively found that there were no other errors, and with this conclusion this court agrees. ■
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Hart and Williams, JJ., dissent.