OREGON PROPERTIES I, L.L.C., et al.

v.

GEMERCHAK REAL ESTATE CORPORATION et al.

Court of Common Pleas of Ohio,
Lucas County.

No. CI97–3159.

Decided March 3, 2000.

Thomas W. Heinstschel, for plaintiffs.

Marvin A. Robon, for defendants.

---

JUDITH ANN LANZINGER, Judge.

{¶ 1} On October 29, 1999, a jury rendered verdicts on the complaint and counterclaim involved in this lawsuit. Plaintiffs Oregon Properties Company and Oregon Properties I, L.L.C., prevailed against defendants Gemerchak Real Estate Corporation ("Gemerchak Realty") and Edward Gemerchak, Jr. The jury awarded $76,828, which included $62,828 for conversion and $14,000 for breach of contract against Gemerchak Realty. The verdict against Mr. Gemerchak also included $30,000 in punitive damages, for a total award of $106,828 against him. Gemerchak Realty obtained a verdict on its counterclaim against plaintiffs in the amount of $60,853; included in this amount was $15,000 for an unpaid real estate commission and $45,853 for unjust enrichment.

{¶ 2} The verdicts were accepted and filed with the clerk of courts on November 1, 1999.

{¶ 3} At this point in the proceedings, on November 12, 1999, plaintiffs filed a motion for judgment notwithstanding the verdict ("judgment n.o.v."), a motion governed by Civ.R. 50(B), which provides:

{¶ 4} "Motion for judgment notwithstanding the verdict. Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned, such party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion."

{¶ 5} The Supreme Court of Ohio set forth the standard for motions under Civ.R. 50(B) in *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 504 N.E.2d 19, as follows:

{¶ 6} "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is

substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions."

{¶ 7} Plaintiffs filed their motion seeking the following: a determination that the statute of limitations bars a portion of Gemerchak Realty's counterclaim judgment; an offset of the counterclaim judgment against the judgment obtained against Gemerchak Realty on the complaint; an award of prejudgment and postjudgment interest; costs; and a stay of execution on the judgment pending disposition of the motion.[1] In plaintiffs' view, the court should reduce the judgment in favor of defendant Gemerchak Realty to the sum of $24,042, which should be netted against the $76,828 judgment in plaintiffs' favor. Plaintiffs also seek $620.55 in costs as well as the interest they claim.

{¶ 8} Defendants filed a memorandum in opposition to plaintiffs' motion on November 23, 1999, as well as their own motion for judgment n.o.v. on November 15, 1999, to which plaintiffs responded on November 29, 1999. Defendants seek to reduce plaintiffs' judgment against Edward Gemerchak, Jr. to zero.

{¶ 9} The various motions will be discussed by issue rather than chronologically.

### Statute of Limitations

{¶ 10} Plaintiffs invoked R.C. 2305.07, the six-year statute of limitations for nonwritten agreements to prevent any recovery of the claims for services the defendants provided in 1988 and 1989. Defendants cite *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 659 N.E.2d 1232, and respond that the statute of limitations defense should fail because it was first raised at trial after final argument. *Gallagher* does not apply, however, since plaintiffs first entered the defense in response to the counterclaim and R.C. 2305.03[2] states that, when properly pled, the statute of limitations will be a bar.

{¶ 11} Defendants also contend that plaintiffs waived their defense at trial when they failed to object to the admission of the 1988 and 1989 service invoices. There is no supporting case authority for this proposition. Defendants' cases, *State v. Wilson* (1982), 8 Ohio App.3d 216, 8 OBR 288, 456 N.E.2d 1287

---

1. The parties agree that a stay of execution is appropriate; it therefore is granted.

2. R.C. 2305.03 provides:

   "A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code. When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto."

(failure to object to admission of evidence), and *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145 (failure to object to jury instructions), do not say that failure to object to an exhibit's admission can waive a properly pled defense. Furthermore, plaintiffs continued to rely upon the statute-of-limitations defense during their motion for directed verdict on the counterclaim. With agreement of the parties, the court reserved its ruling since it was possible that any verdict in favor of Gemerchak Realty would not include any claims beyond six years. After the verdict was read, plaintiffs protected their rights by requesting that the jury be polled to determine whether the verdict included any time-barred claims. The issue is properly addressed now.

{¶ 12} As the six-year statute of limitations bars any claims for services provided in 1988 and 1989 and the jury's award included compensation for these services in its award, the verdict must be reduced by $36,811, which represents the total of $34,241 as reflected in defendants' Exhibit M for July 1988 through September 1989 services, as well as $2,570 for refinancing assistance as noted in the December 28, 1989 invoice. Defendant Gemerchak Realty's award is therefore reduced to a total judgment of $24,042 on its counterclaim.

### Reduction of Judgment Against Edward Gemerchak

{¶ 13} In their own motion for judgment n.o.v., defendants ask that plaintiffs' judgment against Edward Gemerchak, Jr. be reduced to $0, since they allege the verdict was inconsistent with answers to jury interrogatories. That is not the case, however. Mr. Gemerchak was found liable for conversion in the amount of $62,828 (jury interrogatories Nos. 3 and 5). He was found to have breached the contract for repayment of $14,000 (jury interrogatories Nos. 6 and 10).

{¶ 14} With agreement of counsel, the jury was asked in open court about its intent in placing the sum of $30,000 in the verdict form against Mr. Gemerchak and the sum of $76,828 against Gemerchak Realty. The jury foreman explained that the jury had intended to award $76,828 plus the punitive damages of $30,000 for a total sum of $106,828 against Mr. Gemerchak individually. The foreman initialed the verdict form to reflect the affirmation of the jury and, under Civ.R. 49(B), judgment was entered in accordance with the interrogatory answers. Defendants' judgment n.o.v. motion is denied as without foundation.

### Netting Requirements

{¶ 15} With respect to plaintiffs' request to net out the awards, since only one judgment is proper, see *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 270, 533 N.E.2d 325, the verdicts for and against Gemerchak Realty must be netted out. How the setoff eventually affects Mr. Gemerchak is

not now before the court since the verdict on the counterclaim was entered for Gemerchak Realty only. Plaintiffs could choose to collect their entire judgment against Mr. Gemerchak. Regardless of any agreement between the two defendants,[3] the award is properly modified to reflect an award of $52,786 for the plaintiffs against Gemerchak Realty (i.e., $76,828 minus $24,042, the reduced counterclaim).

### Prejudgment Interest under R.C. 1343.03(A)

{¶ 16} A prejudgment interest motion can be premised on a contract claim under R.C. 1343.03(A) or as a result of insufficient settlement negotiation under R.C. 1343.03(C). The section relating to contracts, R.C. 1343.03(A), provides:

{¶ 17} "Except as provided in division (C)(2) of this section, in cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract."

{¶ 18} As a matter of law, prejudgment interest is always to be awarded in contract cases. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. Gemerchak Realty obtained $15,000 for a real estate commission (jury interrogatory No. 16) and plaintiffs were awarded $14,000 for breach of contract for an unpaid loan (jury interrogatory # 12). Each party is entitled to the statutory rate of interest of ten percent on the contract claims. There appears to be no dispute on the propriety of prejudgment interest on both sums or when the money due each party became due. Interest runs on Gemerchak Realty's $15,000 claim from May 31, 1994, and on plaintiffs' $14,000 claim from February 28, 1997. As calculated, Gemerchak Realty is entitled to $8,125 of prejudgment interest from May 31, 1994 until the date of judgment of October 29, 1999 (i.e., 5 years, 5 months: $1,500 per year times 5, plus $625). Plaintiffs are entitled to $3,733.36 of prejudgment interest from February 28,

---

**3.** At the hearing on the motion for prejudgment interest, defendants wished the court to take "judicial notice" of an assignment of judgment purporting to run from Gemerchak Realty to Edward Gemerchak, Jr. Such an assignment has no effect on the decision here, as it is a matter between defendants themselves.

1997, until October 29, 1999 (i.e., 2 years, 8 months: $1,400 per year times 2, plus $116.67 times 8).

### Prejudgment Interest under R.C. 1343.03(C)

{¶ 19}   The propriety of interest under R.C.1343.03(C) is a matter of disagreement.   Plaintiffs anticipate prejudgment interest from February 1993 on the $60,828 conversion portion of their verdicts, conceding that their punitive damages award is excluded.   The question is whether prejudgment interest is due on plaintiffs' tort claim, as well as on Gemerchak Realty's remaining tort amount of $9,042.[4]   Under R.C. 1343.03(C), prejudgment interest shall be awarded if the court finds after a hearing that "the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

{¶ 20}   As required, a hearing was held on January 11, 2000.[5]   The standard for determining whether a party has dealt in good faith is set forth in *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus, as follows:

{¶ 21}   "A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party.   If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

{¶ 22}   A "failure to make a good faith effort to settle" is not the equivalent of "bad faith," which requires a showing of actual malice.   *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331.   The court may consider a number of factors at the hearing when determining if a party has met its burden of proof in showing entitlement to prejudgment interest.   These factors include the type of case, injuries involved, applicable law, defenses available, nature, scope and frequency of efforts to settle, responses, or lack

---

4.   Defendant's award having been reduced by the operation of the statute of limitations, Gemerchak Realty would have only the remaining amount of $9,042 as the tort portion of its award.

5.   At the time of the hearing, Gemerchak Realty had not yet filed its motion for prejudgment interest.   To save time, and without objection by plaintiffs, the court granted defendant leave to file a motion and also permitted Gemerchak Realty to participate fully in developing evidence to show entitlement to such interest as well as defend against plaintiffs' motion.   The counterclaimant's motion for prejudgment interest was filed on January 11, 2100, plaintiffs responded on January 24, 2000, and a reply brief was filed on February 14, 2000.

thereof, and whether any demand is substantiated by facts and figures. See *Moskovitz*, supra, 69 Ohio St.3d at 659, 635 N.E.2d 331.

{¶ 23} In *Warner v. Donnell* (Sept. 30, 1998), Sandusky App. No. S–98–002, 1998 WL 667615, a recent Sixth District appellate decision, the trial court's award of prejudgment interest was reversed in a personal injury matter. After detailed questioning at the hearing as to the medical expenses, the trial court had found that in light of appellant's admitted liability and appellee's medical expenses of at least $20,000, an offer of $7,500 did not show a good faith effort by appellant to settle the case, and granted prejudgment interest to appellees. The appellate court found this alone was insufficient reasoning to show that prejudgment interest was appropriate and cited *Kalain*, supra, as the standard to be used.

{¶ 24} At the prejudgment interest hearing in this case, both sides focused on the procedural history of the case, the settlement discussions or lack thereof, and the meaning of the eventual jury verdicts on the complaint and the counterclaim. Plaintiffs had demanded $125,000 to settle and argue that the defendants' offer of $25,000 two weeks before trial was too low, which is of course a predictable claim. Plaintiffs also characterize the offer that they were presented with as "contingent," not requiring further negotiation in response. Defendants had disputed liability vigorously on the conversion claim and argued that a third person, Marilyn Sanford, had diverted money to compensate Gemerchak Realty for special services it had rendered.

{¶ 25} Neither side complained of discovery abuses or delay by the other. The court is well aware that this case has been litigated vigorously at every stage of the proceedings. The various disputes among the parties turned on credibility findings made by the jury throughout the trial. No prediction could be made with absolute certainty on the tort and contract claims each side had against the other. In fact, as shown, the plaintiffs and counterclaimant each received verdicts. Applying *Kalain*, supra, the court finds (1) cooperation in discovery, (2) rational evaluation of risks and potential liability, (3) no unnecessary attempts to delay proceedings, and (4) good faith in the settlement negotiations under the circumstances.

{¶ 26} In summary, this court is unable to find that either party has met its burden for prejudgment interest under R.C. 1343.03(C). Neither side showed that the other failed to make a good-faith effort to settle the case in contrast to the good-faith efforts of its own. Prejudgment interest is therefore denied under this statutory section.

*Judgment Calculation*

{¶ 27} Plaintiffs' verdicts of $106,828 against Edward Gemerchak, Jr. and $76,828 against Gemerchak Realty included a $14,000 breach-of-contract award,

which generates prejudgment interest of $3,733.36 (calculated from February 28, 1997, to October 29, 1999, the date of judgment). The verdict against Edward Gemerchak, Jr. is therefore increased to the sum of $110,561.36 ($106,828 plus $3,733.36).

{¶ 28} Gemerchak Realty's counterclaim verdict is reduced to $24,042 after operation of the statute of limitations. The counterclaim amount includes $15,000 for breach of contract, which generates prejudgment interest of $8,125 (calculated from May 31, 1994 to October 29, 1999). The total amount to be netted against plaintiffs' verdict being $32,167 ($24,042 plus $8,125), the judgment against Gemerchak Realty is reduced to $48,394.36 ($76,828 plus $3733.36, minus $32,167).

{¶ 29} Plaintiffs are also entitled to $620 as costs [6] since they are the prevailing party pursuant to Civ.R. 54(D). *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153. As these expenses appear to be reasonable and authorized by statute, see *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 343–345, 691 N.E.2d 288, the judgment against defendants will include costs and postjudgment interest from October 29, 1999 until paid.

## Judgment Entry

{¶ 30} It is ordered that the motion for judgment notwithstanding the verdict filed by plaintiffs is granted in part and is denied in part and the motion for judgment notwithstanding the verdict filed by defendants is denied.

{¶ 31} It is further ordered that the motions for prejudgment interest filed by the parties are granted in part and denied in part. Under R.C. 1343.03(A), prejudgment interest in the amount of $3,733 is granted from February 28, 1997 until October 29, 1999 on plaintiffs' $14,000 breach-of-contract award; prejudgment interest in the amount of $8,125 is granted from May 31, 1994, until October 29, 1999 on defendant Gemerchak Real Estate Corp.'s $15,000 breach-of-contract award. Neither plaintiffs nor defendant is entitled to prejudgment interest pursuant to R.C. 1343.03(C).

{¶ 32} Judgment is hereby entered in favor of plaintiffs, Oregon Properties Co. and Oregon Properties I, L.L.C., and against defendant Gemerchak Real Estate Corp. in the amount of $48,394.36 as of October 29, 1999 with post-judgment interest from that date until paid.

{¶ 33} Judgment is hereby entered in favor of plaintiffs, Oregon Properties Co. and Oregon Properties I, L.L.C., and against defendant Edward Gemerchak,

---

6. Neither defendant disputes the propriety of this amount, which includes a filing fee of $175, statutory witness and juror fees of $194.30, and a videotape trial deposition of $251.25.

Jr. in the amount of $110,531.36, as of October 29, 1999, with postjudgment interest from that date until paid.

{¶ 34}   Costs of $620.55 are assessed against both defendants.

{¶ 35}   This is a final appealable order;  there is no just cause for delay.

Judgment accordingly.