OPINION
This is an appeal from the judgment of divorce entered by the Portage County Court of Common Pleas, Domestic Relations Division, in which appellee, Roberta D. O'Brikis was granted a divorce from appellant, Gerald O'Brikis.
Appellant and appellee were married on July 4, 1995, and the parties had no children together during their marriage. At issue is the marital residence. It is undisputed that, prior to the marriage, appellant purchased a house on approximately a seventy-one acre lot for $80,000. It is also undisputed that appellant made a down payment on this real estate in the amount of $41,000 from his separate property. Appellant also expended $1,500 for a new furnace and $3,141 to put in a new well on the property.
Approximately one year after the marriage, in July 1996, the parties sold forty-seven of the total seventy-one acres for a purchase price of $25,000.[1] Appellant then applied $12,000 of the $25,000 to the outstanding mortgage balance. Hence, he retained $13,000 of the $25,000, thereby reducing his original $41,000 investment to $28,000. In February 1997, both parties refinanced the property and borrowed $36,000. Appellant personally received $10,000 from the refinancing, which additionally reduced his original $41,000 investment to $18,000.[2]
The record indicates that appellee filed her complaint for divorce on August 20, 1998. The matter was set for hearing on April 28, 1999 wherein both parties appeared with counsel. Appellee briefly testified at this hearing while statements of counsel and stipulated exhibits were admitted to the trial court.[3] Relevant exhibits included an appraisal of the real estate made in February 1997, stating that the estimated market value of marital home with 23 acres was $73,000 and appellant's affidavit, which stated that, pursuant to an oral offer, the property was presently valued at $100,000.
Subsequently, the trial court issued a judgment entry decree of divorce on May 6, 1999. However, a nunc pro tunc entry was issued by the court on May 20, 1999 in order to correct a previous mathematical error made in the original judgment entry.
Pursuant to the trial court's corrected entry, the parties were granted a divorce on grounds of incompatibility. The court made the following findings:
 "* * * Husband [appellant] purchased the family residence prior to the marriage for $80,000 and that a down payment of $41,000 came from Husband's separate property. Some acreage was later sold for the sum of $25,000. This distribution constituted a return of separate property to Husband in the amount of $25,000, pursuant to the accounting principle of first contribution of investment in, first distribution of profit or return of capital out, unless otherwise designated. Husband's separate interest in the residence was, therefore, reduced to $16,000.
 "Husband then applied $12,000 of his separate property (sale proceeds) to reduce the outstanding mortgage balance. Husband's separate interest in the residence was now $28,000. The residence was later financed for $36,000. Husband received $10,000 in cash distribution from the refinancing, reducing his separate property in the residence to $18,000.
 "The Court further finds that when Husband purchased the property, he spent $1,500 for a new furnace and $3,141 to put in a new well on the property. The furnace expense is found to be maintenance, but the well expense is found to be an investment in the property from his separate funds.[4] Therefore, the Court finds the total separate funds Husband currently has in the marital residence to be $21,141."
 Subsequently, the trial court ordered that the marital residence be sold and the sale proceeds be divided in the following manner: (1) first, all taxes and costs of sale will be paid; (2) next, appellant will receive $21,141; and (3) the remaining balance will be divided equally between the parties. No award of spousal support was ordered.
Appellant perfected a timely appeal from this judgment and asserts a sole assignment of error for our consideration:
 "The control [sic] court erred in granting Appellee a share of Plaintiff's [sic] separate property."
 Before addressing the substance of appellant's argument, we need to articulate the appropriate standard of review. It is well-settled that a trial court's judgment on property division in a divorce cannot be disturbed on appeal absent a showing that the trial court abused its discretion. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401. An abuse of discretion is more than an error of law or judgment and implies that the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Accordingly, if there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203.
In the instant matter, the significant issue before this court is whether the trial court made a distributive award of appellant's separate property to appellee, to-wit: the passive appreciation on appellant's down payment on the real estate.
R.C. 3105.171 is relevant to this proceeding and governs the division of marital and separate property. In particular, R.C. 3105.171(A) (3)(a)(iii) defines "marital property" as:
 "* * * all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[.]"
 "Separate property" is also defined under R.C. 3105.171(A)(6)(a) as:
"* * *
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage[.]"
 Finally, R.C. 3105.171(A)(4) defines "passive income" as "income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse."
It is well-settled that a party seeking to establish an asset or portion thereof as his or her own separate property has the burden of proof by preponderance of the evidence. Peck v. Peck (1994),96 Ohio App.3d 731, 734. In the case at bar, however, it is uncontroverted that, prior to the marriage, appellant purchased the seventy-one acres of real estate for $80,000 and made a $41,000 down payment from his separate property.
Now we examine appellant's single assignment of error. In general, appellant argues that the trial court committed error with regards to its disposition of the marital residence. According to appellant, the trial court erred in granting him "no credit for passive appreciation, effectively making a distributive award" to appellee with no finding of fact to justify such an award. In other words, appellant posits that the trial court made a distributive award to appellee of his separate property, which was the passive appreciation in appellant's down payment on the house. Pursuant to appellant's mathematical computation, he seeks to obtain the first 92-93%[5] of the proceeds of the sale, with equal division of the remainder.[6]
In the instant matter, appellant had the burden to both raise the issue and to present testimony or evidence to the trial court in order to demonstrate his present claim of passive appreciation. A spouse is indeed entitled to claim passive appreciation in the marital home which is attributable to the use of the spouse's separate property in making a premarital down payment. Munroe v. Munroe (1997), 119 Ohio App.3d 530,537-538. However, appellant did not raise or address that particular claim with the court below.
Stated simply, prior to now, appellant did not argue or demonstrate that any passive appreciation due to his down payment should be considered as his separate property.[7] During the proceedings below, appellant asked the court to appoint a realtor, sell the property for the best obtainable price, allow appellee the exclusive use of the house until it is sold, and after the sale of the house, have a fund created so the proceeds could be divided among the parties. At no point during the hearing did appellant make any reference to passive appreciation. As a result, we hold that appellant has failed to preserve any alleged error in this regard. See Czup v. Czup (Sept. 17, 1999), Ashtabula App. No. 98-A-0046, unreported, at 4-5, 1999 WL 744034 (holding that since appellant did not raise or present evidence to the trial court on the issue of whether she was entitled to receive both the residence and passive appreciation as her separate property, she waived the right to claim any error on appeal).
This court has recently re-acknowledged the general rule:
 "* * * [A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." Czup at 5, citing Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207, 210.
 Consequently, a "`party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" Czup at 5, quoting Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus.
Therefore, because appellant did not raise the issue or offer evidence of passive appreciation at a time when the trial court was in a position to address it, he has waived the right to claim any error on appeal. Accordingly, appellant's sole assignment of error is without merit, and the judgment of the trial court is affirmed.
 ______________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] Appellee makes no claim to any of this $25,000.
[2] Appellee makes no claim to any of this $10,000.
[3] Appellee states in her brief to this court that no testimony was taken during the hearing. This is incorrect. The transcript of the hearing reveals that appellee's counsel had her testify to certain preliminary matters including, but not limited to, the filing of the complaint for divorce, the grounds for divorce, residency and date of marriage.
[4] In his brief to this court, appellant did not challenge the trial court's finding that the $1,500 expenditure for a new furnace was maintenance on the basis that such an item was a fixture and its value should have been added to appellant's separate property total. Hence, we need not address this issue.
[5] In one portion of appellant's brief to this court, he suggests that the sale proceeds should be distributed 93% to him while the remainder should be shared between the parties. However, in the conclusion portion of his brief, appellant suggests that he should receive 92% of the sale proceeds with equal division of the remainder between the parties. Thus, it is unclear to this court what figure appellant actually intended to assert.
[6] We note that appellant does not appeal the failure of the trial court to actually assign a present value to the property. Presumably, all parties are in agreement that the value of the property is somewhere between $73,000 and $100,000.
[7] Therefore, this is not a case where a claim was raised and there was insufficient evidence to support the trial court's decision.