[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Allen R. Guess appeals the trial court's denial of his motion to obtain custody of his son from appellee Wanza J. Springer, the boy's mother. He raises four assignments of error. In his first assignment, Guess argues that the trial court's refusal to grant him custody was an abuse of discretion. Guess contends in his second assignment that the trial court made its decision without considering the parenting specialist's report. In his third assignment, Guess asserts that the trial court erred by not admitting all of the audiotapes that he sought to use at the custody hearing. And, last, Guess argues that the trial court erred by not conducting, pursuant to his request, an in camera interview with his son.
Guess and Springer had been involved in a relationship that resulted in the birth of a son. Initially, the parents attempted to work out child-support and custody matters. By a journalized agreement, Springer was designated the residential parent and legal custodian of the child, and Guess had liberal visitation rights. As the boy matured, however, the parents' relationship became more acrimonious.
Guess appeared pro se before the domestic relations court when he sought to obtain custody of his son. Springer appeared with counsel. (The case had been removed from the Hamilton County Juvenile Court because that court employed Springer.) After Guess presented his evidence, the court denied his motion.
Guess had the burden to "demonstrate (1) a change in circumstances in the life of the child or residential parent, (2) that it was in the best interest of the child that a change be made, and (3) that the harm likely to be caused by the change was outweighed by the advantages of such a change."[1] "In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support the change."[2]
Once a custody determination has been made, a reviewing court may reverse only if it concludes that the trial court has abused its discretion.[3] In a custody matter, a trial court abuses its discretion when its decision is not supported by a "substantial amount of credible and competent evidence."[4] To warrant a change in custody, the change must be of substance in order to protect a child from a tug-of-war between the parents based on who the parents believe could provide the "better" environment,[5] as well as to provide the child with continuity and stability. Further, the facts substantiating the change must have occurred since the prior custody order or must have been unknown to the court at that time.[6]
Guess moved for the change in custody based on his allegations that his son lived in a hostile environment, was acting out at school, and was receiving therapy. Guess had recorded conversations that he had had with his son, his son's mother, and his son's maternal grandmother, as well as others. At the hearing, Guess was allowed to play several audiotapes, but not all of them.
Guess also called as a witness the parenting specialist who had recommended that Springer retain sole custody of the boy. Guess effectively impeached the credibility of the parenting specialist's report by pointing out many inaccuracies. He requested that the trial court only consider the portions of the report that referred to comments by other professionals. The court sustained Guess's objection and "threw out" the entire report.
Guess also called as a witness a children's services investigator from the Hamilton County Department of Human Resources. She testified that she was aware during her custody investigation that calls for emergency assistance had been made. The investigator was also aware of an incident of abuse involving Springer and her mother. She determined, however, that the risk of abuse or neglect to the child was low.
While there was evidence that Springer had interfered with Guess's visitation, there was also evidence that, on some occasions, Guess had also unilaterally decreased his visitation. Moreover, while there was evidence that the child had exhibited behavioral problems at school, there was no evidence of the length of time that the problems had been occurring. Further, there was evidence that Springer had sought help for the problems. There was also evidence of some discord between Springer and her mother. But, based on the record before us, we cannot conclude that the trial court abused its discretion by finding that there was no change of circumstances warranting a reallocation of parental rights and responsibilities. We overrule Guess's first assignment.
In his second assignment, Guess argues that because the trial court disregarded the parenting specialist's report, there was insufficient evidence to support its decision. We find no merit in this argument. First, the record demonstrates that the trial court "threw out" the entire report, not just a portion of it. Second, if the trial court had considered the report, its contents would have been unfavorable to Guess; therefore, the trial court's evidentiary determination benefited Guess. Last, if the refusal to consider the parenting specialist's report was erroneous, the error was, in part, invited by Guess, and he is now precluded from taking advantage of it.[7] We overrule Guess's second assignment.
In his third assignment, Guess challenges the trial court's refusal to admit all his audiotapes. He claims that the trial court "opened the door" to hear all the recordings when it listened to some of them. Giving Guess the benefit of the doubt as a pro se litigant, the trial court listened to the majority of Guess's audiotapes. It refused to hear a recording of conversations between Guess and his son because they constituted hearsay. The son's out-of-court statements were being offered to prove the truth of the matter asserted-that Springer had made derogatory comments about Guess. There was no error in the trial court's refusal to admit hearsay.[8]
The trial court refused to admit the audiotapes of the emergency calls made by the son and his maternal grandmother because the recordings had not been authenticated and were irrelevant to the issue of custody. Authentication that a recording is what it purports to be is a condition precedent to admissibility.[9] The trial court's decision was proper in this respect.
Guess also challenges the trial court's refusal to hear one side of an audiotape after it had listened to the other side. Guess proffered to the court the evidence contained in the recordings. The information was cumulative of evidence already admitted concerning Springer's attitude toward Guess and Guess's relationship with his son.
The court expressed concern that the recording had not been authenticated, had not been provided in response to Springer's discovery request, and had been illegally obtained without one speaker's permission. (While illegally obtained interceptions are inadmissible,[10]
the trial court's concern had no basis. It is not illegal in Ohio for a person who is not a police officer to intercept a telephone call if the person is a party to the communication and the communication is not intercepted to commit a criminal offense or a tortuous act.[11]) Aside from its concern about the legality of the recording, we conclude that the trial court did not abuse its discretion in refusing to admit the tape recording under the facts of this case. We overrule Guess's second assignment.
Guess's last assignment challenges the trial court's failure to conduct an in camera interview with his son. R.C. 3109.04(B)(1) requires a trial court to conduct an in camera interview upon a party's request when thecourt is making a determination of whether modification is in the bestinterests of the child. In this case, the trial court overruled Guess's custody motion due to his failure to demonstrate a sufficient change in circumstances. That decision was not based on whether a change was in the child's best interest. Therefore, there was no need to conduct an interview.[12] We overrule Guess's fourth assignment.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Painter, JJ.
[1] See In re Hughes (June 23, 2000), Hamilton App. No. C-990346; unreported, citing R.C. 3109.04(E)(1)(a).
[2] See Davis v. Flickinger (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159, paragraph one of the syllabus. See, also, R.C. 3109.04.
[3] See Davis v. Flickinger at 415, 674 N.E.2d 1159, paragraph one of the syllabus.
[4] See id. at 418, 674 N.E.2d at 1162.
[5] See id.
[6] See R.C. 3109.04(E)(1)(a).
[7] See Lester v. Leuck (1943), 142 Ohio St. 91, 50 N.E.2d 145, paragraph one of the syllabus; McAndrews v. McAndrews (Jan. 24, 1996), Hamilton App. No. C-940684, unreported.
[8] See Evid.R. 802.
[9] See Evid.R. 901.
[10] See R.C. 2933.62(A).
[11] See R.C. 2933.52(B)(4); Steen v. Goad (Nov. 14, 2001), Wayne App. No. 01CA0021, unreported; Shampton v. Springboro (Nov. 13, 2001), Warren App. Nos. CA2000-08-080 and CA2000-09-081, unreported.
[12] See Riggle v. Riggle (Sept. 26, 2001), Wayne App. No. 01CA0012, unreported.