JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Robert G. appeals his adjudication as a delinquent made by the Cuyahoga County Court of Common Pleas, Juvenile Division. The appellant was adjudicated delinquent based upon conduct, which, if committed by an adult, would constitute burglary in violation of R.C.2911.12(A)(2) and theft in violation of R.C. 2913.02(A)(1). The appellant was committed to the legal care and custody of the Ohio Department of Youth Services for a minimum period of one year. The court ordered that the appellant receive a chemical dependency assessment and drug treatment and that he complete his education.
{¶ 2} On March 6, 2001, Cailin O., Nick B., Chris Vasco[1] and the appellant spent the night in the home of Daniel Lambert and his uncle Ronald Lambert. Cailin accompanied Vasco to the home and there met the appellant. The Lamberts were not home that evening and the three gained entry into the home after Vasco used a screwdriver. Nick arrived shortly thereafter. Cailin testifed that she did not have permission to be in the home. The appellant and Nick left the premises to purchase beer and then returned to the home. Early on the morning of March 7, 2001, the four left the Lambert home taking with them CD's and Nintendo games. On cross-examination, Cailin was questioned about Vasco's knowledge of permission to enter the Lambert home. She testified that Vasco informed her they were going to the Lambert home and on the way there she was told they were going to break in. Specifically, Vasco told her that the Lamberts were in Cleveland for the night. The words "break in" were not used, but Cailin "figured" that they did not have permission when she learned that the Lamberts were not at home. Upon arrival at the Lambert residence, no one knocked on the door, no one inside the house let them in, and a key was not used to gain entry.
{¶ 3} Nick's testimony corroborated that of Cailin. When he arrived at the Lambert home, Cailin, Vasco and the appellant were already inside. He did not have permission from the Lamberts to be in the house. When they left the home, they took items belonging to the Lamberts and placed these items in the trunk of Nick's motor vehicle.
{¶ 4} Bedford Police Officer Brian Byard testified that he investigated the break-in and theft which occurred at the Lambert home. He stated that 21 CD's, five Nintendo 64 games, controllers, and a Nintendo 64 were recovered from Nick's attic. Officer Byard testified that he learned from the victims that Vasco had previously burglarized the home, but that since restitution was made they did not file a complaint. There were footprints in the snow leading from the Lambert house to Vasco's home. Eventually Vasco informed the officer that he, Cailin and the appellant were present when he pried the door open with a screwdriver, that items were taken, and that they were located in the trunk of Nick's car. Over objection, Officer Byard testified as to oral and written statements given by Vasco.
{¶ 5} The appellant sets forth two assignments of error.
{¶ 6} The first assignment of error:
 {¶ 7} APPELLANT'S CONVICTIONS FOR BURGLARY AND THEFT ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE WHERE THE OWNER OF THE RESIDENCE AND OF THE PROPERTY DID NOT TESTIFY TO ESTABLISH A LACK OF CONSENT OR PRIVILEGE.
{¶ 8} The appellant asserts that his convictions are not supported by sufficient evidence because the prosecutor failed to prove beyond a reasonable doubt that he lacked the privilege or consent of the owner to be present in the victims' home. The appellee asserts that there was sufficient evidence to prove the element of criminal trespass.
{¶ 9} In State v. Thompkins (1997), 78 Ohio St.3d 380, the court found that with respect to sufficiency of the evidence, in essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. at 386. In addition, a conviction based upon legally insufficient evidence is a denial of due process. Thompkins, supra, citing to Tibbs v. Florida
(1982), 457 U.S. 31, 45. As Justice Cook succinctly stated in the concurrence of Thompkins, a challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. Courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Thus, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Waddy (1992), 62 Ohio St.3d 424.
{¶ 10} Additionally, the Supreme Court has held that circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. State v. Biros (1997), 78 Ohio St.3d 426, citing to State v. Jenks
(1991), 61 Ohio St.3d 259, at paragraph one of the syllabus.
{¶ 11} R.C. 2911.12(A)(2) provides that no person, by force, stealth or deception shall trespass in an occupied structure with purpose to commit any criminal offense when anyone other than an accomplice is present or likely to be present. To define the element of trespass, this court must turn to criminal trespass as set forth in R.C. 2911.21(A)(1). The statute states that no person without privilege to do so, shall knowingly enter or remain on the land or premises of another.
{¶ 12} In the case sub judice, the state was required to prove that the appellant by force, stealth or deception trespassed on the Lambert property. The appellant in this assignment of error raises only the issue of trespass. The record reveals that Cailin testified she and the appellant were present when Vasco gained entry to the Lambert home with the aid of a screwdriver. As Cailin stated, at that point she just "figured" that they lacked permission to enter. Nick, who testified that he did not have permission to be present in the Lambert home, testified that when he arrived the appellant was already present in the house. Nick and the appellant left to obtain alcohol, but both returned to the home. This circumstantial evidence presented by the state, if believed, would support a conviction.
{¶ 13} The appellant's first assignment of error is overruled.
{¶ 14} The second assignment of error:
 {¶ 15} THE ADMISSION OF HEARSAY EVIDENCE DEPRIVED APPELLANT HIS RIGHT TO CONFRONTATION GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
{¶ 16} The appellant argues that the testimony of Officer Byard regarding oral statements made to him by Vasco were hearsay pursuant to Evid.R. 801 and, because the testimony did not fall with any recognized exception to the hearsay rule, it was inadmissible as evidence.
{¶ 17} Under our system of jurisprudence, the accused's right of cross-examination is secured by the confrontation clause of theSixth Amendment to the United States Constitution. For example, under Brutonv. United States, 391 U.S. 123, in a joint trial with a non-testifying co-defendant, the admission of extrajudicial statements made by the co-defendant inculpating the accused violates the accused's rights to confrontation. State v. Moritz (1980), 62 Ohio St.2d 150. It is also true that a violation of an accused's right to confrontation and cross-examination is not prejudicial where there is sufficient independent evidence of an accused's guilt to render improperly admitted statements harmless beyond a reasonable doubt. Moritz at syllabus two.
{¶ 18} However, under the invited error doctrine, a party is not permitted to take advantage of an error that he himself invited or induced the court to make. Davis v. Wolfe, Warden, 2001-Ohio-1281;92 Ohio St.3d 549, citing to State ex rel. Soukup v. Celebrezze (1998),83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280; Lester v. Leuck (1943),142 Ohio St. 91, 26 Ohio Op. 280, 50 N.E.2d 145, paragraph one of the syllabus. This doctrine is merely a branch of the waiver doctrine. Id.
{¶ 19} In the matter now before this court, a perusal of the transcript makes clear that the appellant invited any error the trial court may have made in admitting the evidence of officer Byard regarding the statement made to him by Vasco. During the cross-examination of Cailin, the appellant's counsel raised questions regarding statements made to Cailin by Vasco. These statements included Vasco telling Cailin that they were going to the Lambert residence, that the Lamberts were not home, and that based upon this information Cailin understood that they did not have permission to enter (T. 33, 34, 35). Based upon the elicitation of these hearsay statements of Vasco, the appellant may not now complain that the state also submitted as evidence hearsay statements of Vasco regarding the events of the evening.
{¶ 20} The appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS; COLLEEN CONWAY COONEY, J., CONCURS INJUDGMENT ONLY.
[1] The evidence revealed that Vasco was an adult at the time of the commission of these crimes. He was not present at the appellant's trial. Cailin and Nick, who were juveniles, had already entered pleas of guilty at the time of the appellant's trial, but had not yet received disposition.