OPINION *Page 2 
{¶ 1} On May 2, 2005, appellee, Gordon Proctor, Director, Ohio Department of Transportation, filed an appropriations case against appellant, Kristine King, to appropriate approximately 3.868 acres of her property.
 {¶ 2} A jury trial commenced on September 25, 2007. The jury awarded appellant $318,600.00 for compensation in the taking of the property. The amount was reduced to judgment on October 11, 2007.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE JURY VERDICT, AND THE JUDGMENT ENTRY ENTERED ON THE VERDICT, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE DIRECTOR'S MOTION TO EXCLUDE ROBERT WEILER AS AN EXPERT WITNESS FOR KING, IN DENYING KING'S MOTION TO REOPEN DISCOVERY, AND IN DENYING KING'S MOTION FOR A NEW PRETRIAL AND A SUPPLEMENTAL PRETRIAL STATEMENT."
 III {¶ 6} "THE TRIAL COURT ERRED IN RULING THAT HOW KING OBTAINED OWNERSHIP OF THE KING PROPERTY AND HOW LONG SHE HAD OWNED IT WERE RELEVANT ON THE ISSUE OF THE FAIR MARKET VALUE OF THE KING PROPERTY AT THE TIME OF APPROPRIATION." *Page 3 
 IV {¶ 7} "THE TRIAL COURT IMPROPERLY PERMITTED THE DIRECTOR'S COUNSEL TO QUESTION KING ABOUT A CONSERVATORSHIP PROCEEDING THAT HAD OCCURRED IN JANUARY 2002, WHICH WAS IRRELEVANT TO THE ISSUE OF THE VALUE OF THE KING PROPERTY AT THE TIME OF TAKING AND PREJUDICIAL TO KING."
 V {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE DIRECTOR'S COUNSEL TO USE APPRAISALS CONDUCTED BY KING OR ON HER BEHALF FOR PURPOSES OTHER THAN IMPEACHMENT."
 I {¶ 9} Appellant claims the jury's verdict as to valuation was against the manifest weight of the evidence. We disagree.
 {¶ 10} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 11} Specifically, appellant claims the value offered by appellee's expert, Gerald Tout, constituted inadmissible hearsay because Mr. Tout was never qualified as an expert witness. In the alternative, appellant argues to the extent there was expert testimony, the testimony relied upon comparable sales that were inherently unreliable. *Page 4 
 {¶ 12} Basically, appellant's argument challenges the weight, sufficiency, and credibility of appellee's expert vis-á-vis her own testimony and that of her expert, Robin Lorms. Appellant argues the following "Sub Issues," set forth in her Statement of Issues:
 {¶ 13} "a. Whether certain comparable sales relied upon by the Director were too remote in time to be used for determining the fair market value of the King Property.
 {¶ 14} "b. Whether sales that involve tax-free exchanges are unreliable comparable sales for determining the fair market value of a property at the time of taking.
 {¶ 15} "c. Whether `forced' sales provide reliable comparables for determining the fair market value of a property taken by eminent domain.
 {¶ 16} "d. Whether under the Ohio Administrative Code it is proper to use comparable sales in the project area in assessing just compensation."
 {¶ 17} We note objections were not made to the testimony involving these sub issues. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978),53 Ohio St.2d 91; Crim. R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 18} On the issue of valuation, appellee presented two witnesses, Jason Sturgeon and Gerald Tout. The date of the appropriation on the property sub judice was February 6, 2006. T. at 633. The whole parcel was included in the eminent *Page 5 
domain taking. T. at 634. Plaintiff's Exhibit 15 was a DVD recording of the property at the time of the taking, and was played for the jury. T. at 636. The net taking was 3.18 acres. T. at 639.
 {¶ 19} Mr. Tout was appellee's real estate appraiser. Appellant argues Mr. Tout was not qualified as an expert pursuant to Evid. R. 702 which states the following:
 {¶ 20} "A witness may testify as an expert if all of the following apply:
 {¶ 21} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 22} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 23} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *"
 {¶ 24} On direct examination, Mr. Tout outlined his education, certification, and work experience in the area of real estate appraisal. T. at 658-663. He testified he has been certified as an appraiser since 1993, and had been previously qualified as a court expert. T. at 662, 667. Mr. Tout explained he was a professional appraiser. T. at 672. No objection was made as Mr. Tout began his testimony on the appraisal.
 {¶ 25} Mr. Tout first appraised appellant's property in January of 2004. T. at 673. The action sub judice was filed on May 2, 2005. Prior to the appraisal, there were very few comparable sales in the area of New Albany. Despite the development of the area, the subject property remains zoned rural residential with very little commercial zoning. T. at 678. Mr. Tout's appraisal report is based on February 2006 values, the date of the *Page 6 
taking, with adjustments because of additional information, including new sales. T. at 684-686. The highest and best use for the property would be future commercial potential, despite the fact it was currently zoned rural residential. T. at 688. Public utilities to the property would best be available through annexation to New Albany. T. at 689-690. Based on comparables, Mr. Tout opined the value of the property was $318,600.00. T. at 696.
 {¶ 26} To reiterate, no objection was made to Mr. Tout's opinion or the comparables he used, except for his description of what a 1031 like-kind exchange was. Mr. Tout testified the fact that a comparable was a 1031 exchange did not impact his use of that particular sale. T. at 701. The 1031 exchange was a March 2002 sale at $78,000.00 an acre. T. at 699-700. Mr. Tout's appraisal was $100,000.00 per acre. We find no error in the use of this parcel as a comparable.
 {¶ 27} We find the sub issues raised herein contain issues that go to credibility, were subject to impeachment, and did not impact on Mr. Tout's unobjected to opinion.
 {¶ 28} As stated previously, the jury was faced with two different valuations. Appellant and her expert set the per acre amount much higher based upon the potential of annexation, utilities, and over-all development of the area based upon the New Albany development plan. Mr. Tout countered their position was not credible because of no concrete activity by New Albany or Jersey Township. T. at 711-712. Mr. Tout also discounted appellant's comparables as too small or too large to be used. T. at 707-709.
 {¶ 29} Basically, the jury was required to decide between two different approaches, and chose to side with Mr. Tout's valuation. We note the weight to be *Page 7 
given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260.
 {¶ 30} Upon review, we find with the record contains sufficient evidence to support the jury's decision.
 {¶ 31} Assignment of Error I is denied.
 II {¶ 32} Appellant claims the trial court erred in excluding an expert witness, Robert Weiler, denying a request to re-open discovery, and denying a request for a new pretrial. We disagree.
 {¶ 33} Generally speaking, a trial court has broad discretion in setting discovery deadlines and holding pretrials. Under the Ohio Rules of Superintendence, Sup. R. 41, trial courts are given discretion in the setting of court dates. In the Rules of Civil Procedure, trial courts are also given discretion in the setting of trial dates, discovery, and pretrials. See, Civ. R. 26. The local rules of court also provide that trial courts shall direct the time for pretrial. See, Loc. R. 6 of the Court of Common Pleas of Licking County, General Division. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 34} The original pretrial and scheduling of the jury trial was on September 22, 2005. A trial was scheduled for March 16, 2006 with all depositions due by December *Page 8 
30, 2005. All discovery was to be completed four weeks prior to trial. By agreement of the parties, depositions were extended to the middle of January 2006.
 {¶ 35} On May 15, 2006, appellee moved to exclude Robert Weiler as an expert appraisal witness, claiming appellant had not complied with the trial court's discovery order. As noted in the motion, appellant first disclosed Mr. Weiler on April 6, 2006, and appellee received his report on April 12, 2006.
 {¶ 36} On May 17, 2006, the trial court granted appellant's second request for a continuance and rescheduled the trial for October 17, 2006. On June 14, 2006, appellant's new counsel filed an entry of appearance.
 {¶ 37} On August 1, 2006, appellant moved to re-open and extend the time for depositions, and requested a new pretrial and an extension of the trial date. By judgment entries filed August 3, 2006, the trial court excluded Mr. Weiler as an expert witness, and denied appellant's motions. In denying appellant's request for a new pretrial, the trial court stated the following:
 {¶ 38} * * * * "The Court notes this case was filed in March 2005 and a pretrial was originally held September 22, 2005. Defendant alleges the case is far more complex and extensive than previously presented to the Court.
 {¶ 39} "The Court finds this is but one of two dozen condemnation actions related to the expansion of State Route 161 from Franklin County to the City of Newark. The Court finds Defendant's motion to be not well taken and is therefore DENIED."
 {¶ 40} On August 14, 2006, appellant filed a motion for reconsideration of the trial court's August 3, 2008 decisions. Thereafter, the trial court sua sponte rescheduled the trial to April 24, 2007. Subsequently, the trial was continued to September 25, 2007. *Page 9 
The docket does not indicate if the trial court ever addressed appellant's motion for reconsideration. A hearing was held prior to trial, but there is no transcript of the hearing. We presume because the trial court proceeded without Mr. Weiler's report and another pretrial was not scheduled, the trial court denied appellant's motion by its silence. We note the Ohio Rules of Civil Procedure do not provide for motions for reconsideration, therefore such motions are considered a nullity. Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378.
 {¶ 41} We acknowledge the original pretrial order is vague about when experts are to be disclosed. The order sets all depositions to be completed by December 30, 2005, but states all discovery is to be completed four weeks prior to trial. The assumption argued by appellee in its motion to exclude Mr. Weiler as an appraisal expert is viable. One cannot complete depositions without knowing all of the potential expert witnesses and therefore the December 30, 2005 date was also the disclosure cut-off date. Despite this acknowledged confusion, we cannot say the trial court abused its discretion in its August 3, 2008 decisions.
 {¶ 42} Assignment of Error II is denied.
 III {¶ 43} Appellant claims the trial court erred in determining the issue of how appellant came into possession of the property was relevant as to value. We disagree.
 {¶ 44} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173;Blakemore.
 {¶ 45} Appellant lost a motion in limine on how she acquired the property. See, Judgment Entry filed April 24, 2007. Appellant then specifically addressed the issue in *Page 10 
opening statement and on direct examination. T. at 151-152, 317-322. Appellant argues this was a preemptive strike to minimize its negative impact on cross-examination.
 {¶ 46} The purpose of a motion in limine is not to give a definitive ruling on the evidence. Once evidence is placed before the trier of fact, the issue of its relevancy is ripe, and an objection to the evidence is required to perfect the appeal.
 {¶ 47} Although we understand the "catch 22" caused by the ruling on the motion in limine, it was invited error to raise it on direct examination and then object to it on appeal. Under the doctrine of "invited error," it is well-settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Smith v. O'Connor (1995),71 Ohio St.3d 660, 663, citing State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 359. See, also, Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Supreme Court of Ohio has stated:
 {¶ 48} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91."
 {¶ 49} Assignment of Error III is denied. *Page 11 
 IV {¶ 50} Appellant claims the trial court erred in permitting cross-examination on the issue of a conservatorship proceeding that had occurred in January of 2002. We disagree.
 {¶ 51} As we noted in Assignment of Error III, appellant introduced into evidence the means used to acquire the property. Appellant now argues the issue was irrelevant and highly prejudicial. Although we fail to see any relevancy to the means or methods used to acquire the property, appellant raised the issue and opened the door.
 {¶ 52} Assignment of Error IV is denied.
 V {¶ 53} Appellant claims it was error to permit her impeachment with appraisals done on her behalf. We disagree.
 {¶ 54} The cross-examination of appellant included questions about a Heartland Bank appraisal she used in a previous hearing. T. at 481-482. On direct examination, appellant had raised the issue of the Heartland Bank appraisal. T. at 325-327. In fact, appellant also testified about another appraisal performed by Park National Bank, done at the same time, which was high. T. at 330-331. Further, appellant testified she was an appraiser of property via her real estate training and experience. T. at 436. Although the trial court did not find appellant to be qualified as an appraiser, she was permitted to testify as to the per-acre price of her property (no less than $500,000.00 an acre) and the price of comparable properties in the area. T. at 456-457, 463. *Page 12 
 {¶ 55} We conclude the cross-examination of appellant on the Heartland Bank appraisal, used by appellant in another proceeding, was fair given her previous testimony.
 {¶ 56} Assignment of Error V is denied.
 {¶ 57} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. By Farmer, J. Gwin, P.J. and Wise, J. concur.
 Farmer, J., Gwin, P. J., and Wise, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1