OPINION *Page 2 
{¶ 1} Amanda Matheny is the mother of four children: Chad Dunn born October 28, 2001, Jason Durbin, Jr. born December 12, 2002, Logan Winters born September 21, 2004, and Russell Winters born December 26, 2006. Father of Chad is Travis McFeeders. Father of Jason is appellant, Jason Durbin, Sr. Father of Logan and Russell is Ms. Matheny's spouse, Sean Winters.
 {¶ 2} On October 26, 2006, appellee, the Tuscarawas County Job and Family Services, filed a complaint alleging Chad, Jason, and Logan to be neglected and dependent (Case No. 2006JN00559). On November 21, 2006, a stipulation was made as to dependency. On November 27, 2006, the trial court placed the children in appellee's temporary custody.
 {¶ 3} On December 26, 2006, Ms. Matheny gave birth to Russell. On December 28, 2006, appellee filed a complaint alleging Russell to be dependent (Case No. 2006JN00668). By judgment entry filed January 25, 2007, the trial court found Russell to be dependent.
 {¶ 4} On September 5, 2007, appellee filed a motion to modify prior dispositions, requesting permanent custody of all four children. Hearings were held on January 10 and 25, 2008. By judgment entries filed February 22, 2008, the trial court granted permanent custody of the children to appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this case for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO JOB AND FAMILY SERVICES ABSENT CLEAR AND CONVINCING EVIDENCE THAT SUCH AN AWARD WAS IN THE BEST INTERESTS OF THE CHILDREN."
 II {¶ 7} "THE TUSCARAWAS COUNTY JUVENILE COURT DEPRIVED JASON DURBIN, SR. OF HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND COMMITTED PREJUDICIAL ERROR WHEN THE JUVENILE COURT MODIFIED CUSTODY AND TERMINATED JASON DURBIN'S PARENTAL RIGHTS WITHOUT HAVING HIM TRANSPORTED TO THE PERMANENT CUSTODY HEARING."
 I {¶ 8} Appellant claims the trial court's decision to grant permanent custody to appellee was not supported by clear and convincing evidence. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. *Page 4 
 {¶ 10} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 11} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 12} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 13} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to *Page 5 
care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 14} "(16) Any other factor the court considers relevant."
 {¶ 15} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 16} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 17} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 18} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 19} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 20} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 21} As to appellant, the trial court specifically found the following: *Page 6 
 {¶ 22} "Jason Durbin, Sr. has not participated in this case or the case plan due to his long incarceration. He has had little to no contact with his son. There is no evidence before the Court to suggest he will be an appropriate parent in the near future." Judgment Entry filed February 22, 2008 at Finding of Fact No. 8.
 {¶ 23} The trial court concluded the following:
 {¶ 24} "In summary, this case involves four children born to one mother and three fathers. One father is serving a significant prison sentence and is not available to parent these children. Neither Travis McFeeders nor Jason Durbin, Sr. have made any significant progress on case plan services.* * *" Judgment Entry filed February 22, 2008 at Finding of Fact No. 28.
 {¶ 25} Appellant has been incarcerated in the Noble Correctional Institution since August of 2005 on a burglary charge. T. at 250. Beth Bertini, appellee's case worker assigned to the family, testified appellant has had no contact with appellee. T. at 127. Although appellant did send a couple of letters requesting visitation, he has not engaged in any services. T. at 250. Except for an unauthorized visitation when his parents brought the child to see him in prison, appellant has had no contact with the child. T. at 127-128.
 {¶ 26} Appellant now argues that because he was released to a half-way house in March of 2008, the trial court should have granted him a six month extension. This information was not available to the trial court at the time of the hearing.
 {¶ 27} The best interest test is satisfied by the testimony of Personal and Family Counseling home base worker Kimberly Weitzman, Pathway community service provider Katrina Richards, appellee's social worker Beth Bertini, and therapeutic foster *Page 7 
parent Christopher Barto, wherein they all opined the child's life would be turned around and become stable with permanent custody to appellee. T. at 65-66, 108-109, 202-204.
 {¶ 28} Upon review, we find the trial court did not err in granting permanent custody of the child to appellee.
 {¶ 29} Assignment of Error I is denied.
 II {¶ 30} Appellant claims he was denied due process of law in not being present during the permanent custody hearing. We disagree.
 {¶ 31} Despite the following warning contained in the summons of the permanent custody complaint and the notice of the hearing, appellant made no attempt to contact the trial court:
 {¶ 32} "You are hereby notified that a Motion has been filed in the Juvenile Court of Tuscarawas County seeking permanent custody of your Child(ren). The Motion, a copy of which is attached hereto, contains a request for permanent custody of said Child(ren).
 {¶ 33} "You are hereby ordered to appear in the Juvenile Court * * * on the 9th day of October, 2007, at 1:00 p.m. to answer the Motion filed herein. Failure to appear could cause you to lose valuable rights. YOU ARE FURTHER ADVISED THAT YOU SHOULD HAVE YOUR ATTORNEY PRESENT WITH YOU IN COURT. IF YOU ARE INDIGENT AND CANNOT AFFORD AN ATTORNEY, ONE WILL BE APPOINTED FOR YOUR IMMEDIATELY BY THE COURT. *Page 8 
 {¶ 34} "You may apply for representation by the Public Defenders office * * *. To apply for this assistance, you must promptly and well inadvance of your hearing, file an affidavit of indigency/financial disclosure statement with the Court.* * *"
 {¶ 35} It was not until after the hearing that appellant requested a court appointed attorney for appeal. An attorney was appointed on March 4, 2008.
 {¶ 36} Under the doctrine of "invited error," it is well-settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Smithv. O'Connor (1995), 71 Ohio St.3d 660, 663, citing State ex rel. Fowlerv. Smith (1994), 68 Ohio St.3d 357, 359. See, also, Lester v. Leuck
(1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Supreme Court of Ohio has stated:
 {¶ 37} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91.
 {¶ 38} Assignment of Error II is denied. *Page 9 
 {¶ 39} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is hereby affirmed.
By Farmer, J. Gwin, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is affirmed. *Page 1