OPINION
{¶ 1} Appellant, Brandy H., appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, granting permanent custody of two minor children to appellee, Fayette County Department of Job and Family Services ("FCDJFS").
 {¶ 2} Appellant is the biological mother of two children, whose initials are both B.H. The biological father of both children is not a party to this appeal. Both biological parents are *Page 2 
deaf, and one of the children has Down's syndrome. On September 25, 2005, while living in Wooster, Ohio, appellant reported to the Wooster Police Department that Colin Berkely, her ex-boyfriend, had sexually abused both children. On January 6, 2006, FCDJFS filed a complaint alleging that the children are dependent, neglected, and abused and a motion seeking emergency temporary custody of the children after learning of these allegations and that appellant was living with Berkely in Fayette County. That day, the juvenile court granted FCDJFS's motion for emergency temporary custody of the children. On January 27, 2006, the juvenile court conducted a shelter care hearing, and awarded temporary custody of the children to FCDJFS.
 {¶ 3} At a hearing on June 21, 2006, appellant admitted that the children are dependent and neglected. On July 6, 2006 the juvenile court found that the children's father also admitted the children are dependent and neglected, and the court adjudicated the children dependent and neglected and the court continued the temporary custody order. FCDJFS implemented a case plan where appellant was required to complete a psychological evaluation and parenting courses, obtain and maintain housing with working utilities, cooperate with agencies that assist with the children's development, demonstrate that she can provide basic needs for the children, protect the children from harm, and be selective about who she allows to be around the children.
 {¶ 4} On August 23, 2007, FCDJFS moved for permanent custody of the children, alleging that the children had been in the custody of FCDJFS for more than 12 months of the preceding 22-month period, and that granting custody of the children to FCDJFS is in their best interest. On May 22, 2008, the juvenile court granted FCDJFS's motion for permanent custody. Appellant appeals the juvenile court's decision, raising one assignment of error.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED BY FINDING THAT IT WAS IN THE BEST *Page 3 
INTEREST OF THE CHILDREN TO TERMINATE PARENTAL RIGHTS AND GRANT PERMANENT CUSTODY TO FAYETTE COUNTY CHILDREN'S SERVICES."
 {¶ 7} In her assignment of error, appellant argues the juvenile court erred in determining that granting FCDJFS's permanent custody motion is in the children's best interest. Appellant maintains the juvenile court improperly assessed the relevant factors of R.C. 2151.414 in reaching its decision.
 {¶ 8} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision granting permanent custody is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers
(2000), 138 Ohio App.3d 510, 520.
 {¶ 9} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the court must find that: (1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d);In re Schaefer, 111 Ohio St.3d 498, 2006-Ohio-5513, ¶ 31-36; In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9. *Page 4 
 {¶ 10} The juvenile court found by clear and convincing evidence, and appellant does not dispute, that the children are dependent and neglected and had been in the temporary custody of FCDJFS for more than 12 months of a consecutive 22-month period as of the date FCDJFS filed the permanent custody motion. However, appellant does dispute the juvenile court's finding that granting permanent custody is in the best interest of the children.
 {¶ 11} Accordingly, we must determine whether there was clear and convincing evidence that granting the motion for permanent custody was in the children's best interest.
 {¶ 12} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to the following:
 {¶ 13} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 14} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 15} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 16} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 17} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 18} Appellant argues the juvenile court erred in failing to properly evaluate the
interaction and interrelationship of the children with their mother pursuant to *Page 5 
R.C. 2151.414(D)(1), did not seek the wishes of the older child pursuant to R.C. 2151.414(D)(2), improperly addressed whether the children's need for legally secure permanent placement can be achieved without granting permanent custody pursuant to R.C. 2151.414(D)(4), and misapplied R.C. 2151.414(E)(8).[1]
 {¶ 19} With respect to R.C. 2151.414(D)(1), the juvenile court found that the children do not have good interaction or relationship with appellant. Further, the court found that appellant failed to regularly attend visitations with the children. The juvenile court also found that the children are bonded with their foster family.
 {¶ 20} At the permanent custody hearing, Joyce Stanforth, Director of the Fayette County Supervised Visitation and Exchanges Center ("FCSVEC"), testified that she observed the visitations between appellant and the children from January 2006 until visitations were terminated in October 2007. Stanforth testified that appellant's visitations with the children were difficult. Stanforth stated that the children acted as though they did not want to be there, never referred to appellant as "mom," and refused to hug or kiss appellant when she asked them to do so. Stanforth explained that the children enjoyed playing with FCSVEC staff members, but showed no interest in playing with appellant and even pushed appellant away when she attempted to play with them. Stanforth also testified that the older child asked if she had to attend visitations with appellant, and stated that both children "became ecstatic" and "were thrilled" when appellant failed to show up for scheduled visitations.
 {¶ 21} Stanforth explained that visitations initially took place at in Washington Court House, but that visitations were moved to Columbus after appellant moved there. Stanforth testified that FCSVEC accommodated appellant's living arrangements by transporting the *Page 6 
children to and from Columbus for visitations and that even then, appellant failed to attend visitations regularly. Despite appellant's inconsistent attendance at visitations, FCSVEC continued scheduling visitations until appellant missed three consecutive visitations in Columbus. At that point, visitations were terminated.
 {¶ 22} With respect to R.C. 2151.414(D)(2), the juvenile court found that the children do not wish to return to their mother. The juvenile court further noted that appellant testified that the older child told appellant that the children are being "brain washed" by the foster family, and that appellant did not trust the foster mother.
 {¶ 23} As described above, Stanforth's testimony indicates that the children did not show an interest in being returned to appellant's custody. Further, the children's guardian ad litem filed a report in which she recommended that the juvenile court award permanent custody of the children to FCDJFS.
 {¶ 24} As the Ohio Supreme Court recently stated in In re C.F.,113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 55-56:
 {¶ 25} "[R.C. 2151.414(D)(2)] unambiguously gives the trial court the choice of considering the child's wishes directly from the child or through the guardian ad litem. * * * When determining the wishes of the child, a court is required by R.C. 2151.414(D)(2) to consider the wishes of the child, `as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child.' The statute does not impose the additional requirement that the trial court also consider whether the children want to testify or whether testifying would be detrimental to them.
 {¶ 26} "The trial court has discretion to accept the testimony of the guardian ad litem on the child's wishes rather than hearing a direct expression of those wishes made by the child. The trial court should not be overruled absent a showing that the court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio *Page 7 
St.3d 217, 219, * * *(defining `abuse of discretion')."
 {¶ 27} With respect to R.C. 2151.414(D)(4), the juvenile court found that the children need a legally secure permanent placement, and made findings related to appellant's inability to meet this need. The juvenile court found that appellant has failed to maintain a stable residence, is unemployed, and is unable to support herself and her children financially.
 {¶ 28} Further, the record indicates that appellant failed to complete many aspects of the case plan. Kelly Sword, a FCDJFS case worker, testified that appellant initially continued having contact with and at times lived with the man who she previously alleged sexually abused the children. Sword further testified that appellant failed to have a psychological evaluation and failed to complete a parenting course. Sword also testified that appellant cannot provide basic needs for the children because she cannot support even herself financially. Sword also expressed concern over appellant's ability to protect the children from harm.
 {¶ 29} Finally, with respect to R.C. 2151.414(E)(8), the juvenile court discussed some of the children's preexisting medical conditions. FCDJFS agrees that the juvenile court should not have considered this factor, as there is no evidence in the record that appellant repeatedly withheld medical treatment from the children. See R.C. 2151.414(E)(8). However, given the other findings made by the court and the evidence in support of those findings, we find this error to be harmless.
 {¶ 30} We find that the juvenile court, in making findings pursuant to R.C. 2151.414(D)(1), 2151.414(D)(2) and 2151.414(D)(4), thoroughly analyzed the evidence and testimony from the permanent custody hearing, and its findings are supported by sufficient clear and convincing evidence. We remind appellant that in our role as an appellate court reviewing a decision granting permanent custody, we neither weigh the evidence nor assess the credibility of the witnesses, but instead determine whether there is sufficient clear and *Page 8 
convincing evidence to support the juvenile court's decision. See In reDunn, Tuscarawas App. No. 2008AP030018, 2008-Ohio-3785.
 {¶ 31} Appellant has not challenged the remaining findings of the juvenile court pursuant to R.C. 2151.414(D). However, these findings are likewise supported by sufficient, credible evidence. Appellant's assignment of error is overruled.
 {¶ 32} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] R.C. 2151.414(E)(8) provides that among other factors, the court may consider whether "[t]he parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body." *Page 1