**The STATE of Ohio, Appellee,**

v.

**JACKSON, Appellant.**

[Cite as *State v. Jackson*, 157 Ohio App.3d 574, 2004-Ohio-3446.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–02–042.

Decided June 30, 2004.

Russell Leffler, Huron County Prosecuting Attorney, for appellee.

K. Ronald Bailey, for appellant.

---

HANDWORK, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas which, following the entry of a no-contest plea, sentenced appellant, Kenneth A. Jackson, to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.

{¶ 2} The following facts are relevant to this appeal. On November 9, 2001, an indictment was filed against appellant with one count of complicity to possess drugs in violation of R.C. 2923.02(A) and R.C. 2925.11(A)(C)(1)(c). Appellant filed a number of pretrial motions, including motions to suppress and/or dismiss on January 17, 2002, and on February 22, 2002. On March 5, 2002, the trial court denied the first motion. On May 3, 2002, appellant filed another motion to dismiss. On July 24, 2002, a judgment entry was filed regarding the trial court's denial of the amended motion to suppress and/or dismiss.

{¶ 3} On July 22, 2002, appellant entered a plea of no contest to attempted possession, a third-degree felony. Appellant was sentenced to a term of two years, to be served concurrently with a sentence imposed upon appellant in

Texas. Appellant filed a timely notice of appeal and sets forth the following assignment of error:

{¶ 4} "The trial court erred in failing to dismiss the indictment."

{¶ 5} Appellant asserts two arguments in support of his assignment of error. Appellant first argues that it was outrageous government conduct for the state to orchestrate the sale of methamphetamine to him because he is addicted to this drug. Appellant asserts that because of his drug addiction, he comes under the protection of the Americans with Disabilities Act ("ADA"), Section 12101 et seq., Title 42, U.S.Code, which was designed to prevent discrimination against persons with disabilities.

{¶ 6} This court agrees that the ADA was designed to prevent discrimination against persons with disabilities. We also agree that the term "handicap" or "disability" is defined in the ADA to include drug addiction and alcoholism. Sections 1630.3(a) through (c) and 1630.16(b), Title 29, C.F.R.. However, the ADA specifically excludes from protection those currently engaging in the illegal use of drugs. Section 12114(b), Title 42, U.S.Code.[1] See *Starr v. Delta Air Lines, Inc.* (Dec. 29, 1995), 1st Dist. No. C–950217, 1995 WL 763647 ("abstinence must be of sufficient length to demonstrate that the chemically dependent person is stable and either recovered or recovering from his or her addiction" to come within the ADA drug addiction safe harbor).

{¶ 7} Appellant admits that he is a drug addict and that when arrested he was "skin popping" ketamine. Ketamine is a controlled substance. R.C. 3719.41, Schedule III. Appellant argues in his brief that it was a violation of the ADA when the government enabled him to purchase methamphetamine, a drug to which he was addicted. Methamphetamine is a controlled substance. R.C. 3719.41, Schedule II. Because appellant is currently engaging in the illegal use of drugs, he is excluded from the protection of the ADA. Having failed to establish a "disability" under the ADA, appellant cannot succeed on his claim of outrageous government conduct for discrimination under the ADA.

{¶ 8} In his second argument, appellant asserts that the trial court should have granted his amended motion to suppress and/or dismiss based upon the government's refusal to allow him to attend the deposition of a witness. Appel-

---

1. {¶ a} Section 35.104, Title 28, C.F.R. (2004), Nondiscrimination on the basis of disability in state and local government services, provides the following definitions:

{¶ b} "(5) The term disability does not include—

{¶ c} " * * *

{¶ d} "(iii) Psychoactive substance use disorders resulting from current illegal use of drugs.

{¶ e} "Drug means a controlled substance, as defined in schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C. 812)."

lant sought to attend the deposition of an incarcerated witness who was awaiting extradition to Texas. The deposition was scheduled by appellant's trial counsel. When appellant arrived at the prison to attend the deposition, the correction officers would not allow him to enter because he did not have photo identification. Appellant argues that this refusal of admission to the prison to attend the deposition amounted to outrageous government conduct, citing Crim.R. 15(C)[2] and Section 10, Article I of the Ohio Constitution.[3] This court disagrees.

{¶ 9} This court finds that a regulation that requires prison visitors to identify themselves is, for security reasons, a reasonable regulation. It is not the fault of the government that appellant's trial counsel did not inform him of this prison regulation. Furthermore, appellant's trial counsel scheduled the deposition, was the only attorney present, and did not seek a continuance of the deposition so that appellant could obtain photo identification, return to the prison, and attend the rescheduled deposition. Thus, appellant was "actively responsible" for what he now claims to be error. *State v. Kollar* (1915), 93 Ohio St. 89, 91, 112 N.E. 196. The actions, or lack of action, by appellant and his trial counsel amount to invited error.

{¶ 10} Under the invited-error doctrine, a party is not entitled to take advantage of an error that he himself invited or induced. *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus; *State v. Bey* (1999), 85 Ohio St.3d 487, 492–493, 709 N.E.2d 484. Furthermore, the rule of invited error prohibits a party who induces error in the trial court from taking advantage of the error on appeal. *State v. Woodruff* (1983), 10 Ohio App.3d 326, 327, 10 OBR 532, 462 N.E.2d 457. In *State v. Wolf* (Dec. 11, 1992), 11th Dist. No. 91–L–096, 1992 WL 366985, the defendant's trial counsel advised him not to attend a deposition; the appellate court found invited error. This court finds circumstances in the case sub judice appropriate for the application of the invited-error doctrine.

---

2.  {¶ a} Crim.R.15(C) provides:
    {¶ b} "The defendant shall have the right to attend the deposition. If he is confined the person having custody of the defendant shall be ordered by the court to take him to the deposition. The defendant may waive his right to attend the deposition, provided he does so in writing and in open court, is represented by counsel, and is fully advised of his right to attend by the court at a recorded proceeding."

3.  {¶ a} Section 10, Article I of the Ohio Constitution provides:
    {¶ b} "[P]rovision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court."

{¶ 11} This court finds no merit in either of appellant's arguments of outrageous government conduct. Accordingly, appellant's assignment of error is not well taken.

{¶ 12} On consideration whereof, this court affirms the judgment of the Huron County Court of Common Pleas. Appellant is ordered to pay court costs for this appeal.

Judgment affirmed.

RICHARD W. KNEPPER and ARLENE SINGER, JJ., concur.