[Cite as *State v. Brown*, 2015-Ohio-3395.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio

    Appellee

v.

Jason F. Brown

    Appellant

Court of Appeals No. F-14-005

Trial Court No.  14CR000009

**DECISION AND JUDGMENT**

Decided:   August 21, 2015

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Charles M. Saunders, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jason Brown, appeals the judgment of the Fulton County Court of

Common Pleas, following a jury trial, which convicted him of one count of felonious

assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. For the following reasons, we affirm.

{¶ 2} The incident giving rise to appellant's conviction occurred on January 13, 2014. On that day, appellant was home with his wife, Mary Brown, at their residence in the Camelot South Trailer Park when the park owner, Richard Goldsmith, came to their door to speak about past due rent and water payments.

{¶ 3} Appellant and Mrs. Brown recall the following. Mr. Goldsmith was speaking with Mrs. Brown for several minutes about the late rent. Mr. Goldsmith was also upset about some wood that was stacked behind the trailer, and a bin of trash that was left next to the door instead of taken to the dumpster. During the conversation, Mrs. Brown was standing in the doorway with her right foot inside the trailer, and her left foot outside on the landing. Mr. Goldsmith was standing entirely on the landing, approximately a foot from the door. At some point, the conversation turned to sewage that was backing up into the Browns' bathtub. Appellant then interjected himself into the conversation because he was the one familiar with the sewage problem. However, appellant's entrance further escalated the confrontation. The parties exchanged un-pleasantries, with Mr. Goldsmith calling appellant a bum and intimating that appellant was unable to satisfy his wife. The Browns recalled that, at this time, Mr. Goldsmith had his hand on the door and swung it shut, apparently out of anger. When the door was swung, Mrs. Brown was still standing in the doorway. Appellant, believing that the swinging door would hit and harm his wife, blocked the door with his right arm and

2.

simultaneously struck Mr. Goldsmith in the face with his left hand. The punch knocked Mr. Goldsmith off of the landing and onto the ground several feet below. As a result of the punch and fall, Mr. Goldsmith suffered cuts to his face and two broken ribs.

{¶ 4} Mr. Goldsmith, with some inconsequential discrepancies in the details, similarly recalls the conversation with Mrs. Brown, and appellant's eventual participation. However, he testified that he was not standing on the landing during the conversation, but instead was standing one step down. Furthermore, he testified that he did not have his hand on the door, and did not attempt to slam the door shut before appellant punched him.

{¶ 5} After the incident, appellant—who had been previously diagnosed with anxiety, depression, an unclassified mood disorder, and explosive rage disorder, and who was taking medication for those issues—was shaking and was very upset. Mrs. Brown took him to the Stress Unit at the Fulton County Health Center, where he was admitted for a few days. Upon his release from the Stress Unit, appellant was arrested, and ultimately indicted by the Fulton County Grand Jury on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Felonious assault proscribes a person from knowingly causing serious physical harm to another.

{¶ 6} The matter proceeded to a two-day jury trial. During the trial, appellant's counsel conceded that appellant knowingly struck Mr. Goldsmith and that Mr. Goldsmith suffered serious physical harm. Rather than contesting the elements of felonious assault, appellant asserted the affirmative defense of defense of others in that he was protecting

3.

his wife from the threat of the door slamming into her. Alternatively, appellant argued that he was acting under a sudden fit of rage brought on by serious provocation from Mr. Goldsmith such that he should only be found guilty of the inferior degree offense of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree.

{¶ 7} Following the presentation of evidence, the trial court instructed the jury. From the transcript, it is evident that the court had difficulty communicating the relationship between felonious assault, aggravated assault, and defense of others. Repeatedly, the prosecutor and defense counsel interrupted the judge to clarify the order and manner in which the jury would consider the issues, and the jury's proper use of the verdict forms. Notably, at the beginning of the relevant portion of the instructions, defense counsel objected when the trial court stated that the jury would only consider aggravated assault if it found that the state had not proven the elements of felonious assault beyond a reasonable doubt. A sidebar conference was held, and the trial court corrected the instruction. Ultimately, the jury was correctly instructed, as follows by the court:

> THE COURT: Alright. Let me read here. * * * Therefore you've got three options: (1) If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of felonious assault, or if you find that the Defendant proved by the greater weight of the evidence the defense of defense of another, then you must find the Defendant not guilty of felonious assault. [(2)] If you find, second,

4.

you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault, you find that the Defendant failed to prove by the greater weight of the evidence the defense of defense of another, and you find that the Defendant failed to prove by the greater weight of the evidence that he acted while he was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonable [sic] sufficient to incite the Defendant into using deadly force, then you must find the Defendant guilty of felonious assault. (3) If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of felonious assault, but you also find that the Defendant proved by the greater weight of the evidence that he acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the Defendant into using deadly force then you must find the Defendant guilty of aggravated assault which is a Felony of the 4th Degree.

{¶ 8} Thereafter, the trial court proceeded to instruct the jury on the use of the verdict forms, and again encountered difficulty in correctly explaining the instructions. The prosecutor and defense counsel frequently interrupted, and eventually the correct instructions were given mostly by the prosecutor with defense counsel in agreement. The jury was instructed to first consider whether the state had proven the elements of

5.

felonious assault beyond a reasonable doubt. If it so found, the jury was then instructed to consider whether appellant had proven the affirmative defense of defense of another by a preponderance of the evidence. If it found either that the state did not prove the elements of felonious assault or that appellant did establish the elements of the affirmative defense, then the jury would end its deliberations and enter a verdict of not guilty on the felonious assault form. If however, the jury found that the state did prove all the elements of felonious assault and that appellant did not prove the affirmative defense, then the jury was to consider the issue of serious provocation. If it found that appellant proved the element of serious provocation by a preponderance of the evidence, then the jury would enter a verdict of guilty on the aggravated assault form. If it found that appellant did not prove the element of serious provocation, then the jury would enter a verdict of guilty on the felonious assault form. At the end of the instructions, the trial court commented:

> THE COURT: Alright. I hope you got, well get it. You may want to reduce that to a question on a piece of paper during the course of your deliberations. I don't know where you are going to find it.

{¶ 9} After deliberating, the jury returned with a verdict of guilty to the charge of felonious assault. At the subsequent sentencing hearing, the trial court ordered appellant to serve four years in prison.

6.

## Assignments of Error

{¶ 10} Appellant has timely appealed his conviction, and now asserts three assignments of error for our review:

> ASSIGNMENT OF ERROR NO. 1: The Trial Court erred in giving an erroneous and incomplete instruction to the jury on crimes charged.

> ASSIGNMENT OF ERROR NO. 2: The Defendant was denied his right to the effective assistance of counsel, to the prejudice of the Defendant and in derogation of his right to counsel, as protected by the 6th and 14th Amendments to the United States Constitution.

> ASSIGNMENT OF ERROR NO. 3: The Trial Court Erred in allowing the defendant to argue affirmatively the defense of another and in the alternative argue evidence that he was provoked to sudden rage as an additional circumstance, the establishment of which mitigates a defendant's criminal culpability.

## Jury Instructions

{¶ 11} It is well-settled that "[a] trial court is obligated to provide jury instructions that correctly and completely state the law." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 22.

{¶ 12} At the outset, we note that the parties disagree on the applicable standard of review for appellant's first assignment of error alleging erroneous and incomplete instructions. Appellant contends that because defense counsel objected once at the

beginning of the relevant portion of the jury instructions that we should review the court's actions under an abuse of discretion standard. *See State v. Gott*, 6th Dist. Lucas No. L-11-1086, 2011-Ohio-3608, ¶ 14 ("The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion."). However, the Ohio Supreme Court has recently stated, "The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review." *Cromer* at ¶ 22. Thus, if objected to, we would review the trial court's instructions under a de novo standard.

{¶ 13} The state, on the other hand, argues that appellant's objection was to the trial court's statement that the jury would only consider aggravated assault if it found that the state had not proven all the elements of felonious assault beyond a reasonable doubt. The state contends that because this misstatement of the law was immediately addressed and corrected, the objection did not continue to apply to the remaining jury instructions. Therefore, the state asserts that we should review the trial court's instructions for plain error. *See State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 25 ("Because defense counsel did not object to the trial court's failure with regard to jury instructions at trial, this case calls for a plain-error analysis under Crim.R. 52(B).").

{¶ 14} Here, we need not reach the issue of whether the instructions were objected to because, even under a de novo standard of review, we find that the trial court did not commit error. Although it took some clarification from both the prosecutor and defense

8.

counsel, the instructions ultimately given to the jury, both orally and in writing,[1] were a correct and accurate statement of the law. Notably, appellant does not point to a particular error that was made and not corrected. Additionally, there is nothing in the record to suggest that the jury was confused as they did not submit a question to the judge regarding the instructions.

{¶ 15} We also are not persuaded by appellant's argument that he was prejudiced by an unfair bolstering of the prosecutor's credibility. In this case, both the prosecutor and defense counsel participated in correcting and clarifying the jury instructions, and in

---

[1] The written instructions given to the jury concluded:

1. If you find that the state failed to prove beyond a reasonable doubt any one of the essential elements of the offense of felonious assault or if you find that the defendant proved by the greater weight of the evidence the defense of defense of another, then you must find the defendant not guilty.

2. If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of felonious assault, you find that the defendant failed to prove by the greater weight of the evidence the defense of defense of another, and you find that the defendant failed to prove by the greater weight of the evidence that he acted while he was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of felonious assault.

3. If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of felonious assault, but you also find that the defendant proved by the greater weight of the evidence that he acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of aggravated assault.

9.

several instances defense counsel verbally agreed with the prosecutor's statements. In addition, the prosecutor's statements accurately reflected the law, and did not appear to be suggestive of what the jury should find in this particular case. Finally, appellant has not suggested how he was prejudiced given that the prosecutor was not a witness, his statements were not evidence, and the issue of his credibility was not before the jury.

{¶ 16} Accordingly, appellant's first assignment of error is not well-taken.

## Ineffective Assistance of Counsel

{¶ 17} Appellant's second assignment of error asserts ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

{¶ 18} Here, appellant contends that trial counsel was ineffective for failing to argue that because of his history of psychiatric illness, the fact that he was on medication for explosive rage disorder, and because he was suicidal after the altercation, appellant did not act "knowingly." However, appellant's argument, which amounts to the partial

defense of diminished capacity, is not recognized in Ohio. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 66. "[W]hen a defendant does not assert an insanity defense, it is well settled that he may not offer expert testimony in an effort to show that he lacked the mental capacity to form the specific mental state required for a particular crime." *Id.* at ¶ 67. "In cases in which a defendant asserts the functional equivalent of a diminished-capacity defense, the trial court should instruct the jury to disregard the evidence used to support that defense unless the defendant can demonstrate that the evidence is relevant and probative for purposes other than a diminished-capacity defense." *Id.* at ¶ 70. Therefore, because appellant cannot show that a reasonable probability exists that the result of the proceedings would have been different had trial counsel raised the issue of his diminished capacity, appellant was not denied the effective assistance of counsel.

{¶ 19} Accordingly, appellant's second assignment of error is not well-taken.

## Invited Error

{¶ 20} Finally, in his third assignment of error, appellant contends that the trial court erred by allowing him to argue the alternative theories of defense of another and the mitigating element of serious provocation. Appellant's argument fails, however, because to the extent any error occurred,[2] appellant invited it. "Under the invited-error doctrine, a

---

[2] Appellant cites several cases, including one from our court, for the proposition that "Generally, * * * an instruction on voluntary manslaughter or aggravated assault is incompatible with instructions on self-defense so that both cannot be given together." *State v. Cronin*, 6th Dist. Sandusky No. S-09-032, 2010-Ohio-4717, ¶ 53. However, courts have recognized that "where the record contains evidence from which a reasonable

11.

party is not entitled to take advantage of an error that he himself invited or induced." *State v. Jackson*, 157 Ohio App.3d 574, 2004-Ohio-3446, 812 N.E.2d 1002, ¶ 10 (6th Dist.). In this case, the trial court did not require appellant to present both theories, it simply allowed him to present the defense of his choosing. Therefore, we find that the application of the invited-error doctrine is appropriate.

{¶ 21} Accordingly, appellant's third assignment of error is not well-taken.

{¶ 22} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

---

juror could find provocation and reject self-defense, the court must give the provocation instruction." *State v. Smith*, 168 Ohio App.3d 141, 2006-Ohio-3720, 858 N.E.2d 1222, ¶ 59 (1st Dist.).

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.